**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DOUGLAS MacKENZIE, | No. 13-56871 |
| Plaintiff - Appellant, | D.C. No. 8:12-cv-00584-VBF-JC |
| v. | |
| SANDRA HUTCHENS, Sheriff of Orange County, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

California civil detainee Douglas MacKenzie appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging Fourteenth

Amendment due process claims in connection with the conditions of his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

confinement at the Orange County Jail while awaiting civil commitment proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). We affirm.

The district court properly dismissed MacKenzie's official capacity claim against Hutchens because MacKenzie failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also Petzschke v. Century Aluminum Co.* (*In re Century Aluminum Co. Sec. Litig.*), 729 F.3d 1104, 1108 (9th Cir. 2013) (explaining that "[w]hen faced with two possible explanations, only one of which can be true and only one of which results in liability," a plaintiff must allege more, "such as facts tending to exclude the possibility that the alternative explanation is true," in order to render the allegations plausible).

The district court properly dismissed MacKenzie's individual capacity claim against Hutchens because MacKenzie failed to allege facts sufficient to show that Hutchens was personally involved in any constitutional violation or that her conduct caused any such violation. *See Iqbal*, 556 U.S. at 678 (a pleading must

offer more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" (citation and internal quotation marks omitted)); *see also Starr*, 652 F.3d at 1207-08 (requirements for establishing supervisory liability).

The district court did not abuse its discretion by denying MacKenzie further leave to amend his complaint because, despite opportunities to file a motion to amend as instructed by the magistrate judge, MacKenzie failed to do so. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (setting forth standard of review and factors for a district court to consider when deciding whether to grant leave to amend).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Hutchens's motion to strike Exhibit A of MacKenzie's reply brief, filed on May 28, 2014, is granted. The motion is otherwise denied.

All other pending requests are denied.

**AFFIRMED.**